FILED

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50157 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02133-LAB |
| v. | |
| GUSTAVO MENDOZA-ZAZUETA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 11, 2017[**]

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Gustavo Mendoza-Zazueta appeals from the district court's judgment and

challenges the 72-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mendoza-Zazueta contends that the district court erred in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. He argues that the court failed to compare the degree of his involvement in the criminal enterprise to that of all of the other participants, including the "higher-ups" in the enterprise. He also contends that the court erred by relying on authority from this court that has allegedly been superseded by the 2015 amendment to the Guideline. We review the district court's interpretation of the Guidelines de novo. *See United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016).

The record belies Mendoza-Zazueta's contention that the district court misapplied the minor role Guideline. The court conducted the requisite comparative analysis, considering the totality of the circumstances and the enumerated factors before concluding that Mendoza-Zazueta was not "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *Quintero-Leyva*, 823 F.3d at 523. Moreover, the court did not refuse to consider the "higher-ups" in the enterprise, but rather concluded that they were not "average" participants to whom Mendoza-Zazueta should be compared. Finally, Mendoza-Zazueta has not shown that the district court applied this court's precedent in any way that conflicts with the 2015 amendment to the Guideline.

**AFFIRMED.**